UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROGERS NWABUE,

Plaintiff,

v.

**DECISION AND ORDER**
10-CV-163S

SUNY AT BUFFALO/UNIVERSITY MEDICAL SERVICES,

Defendant.

1. *Pro se* Plaintiff, Rogers Nwabue, a former medical school resident at the State University of New York at Buffalo Medical School ("UB"), presently brings four motions before this Court. Nwabue styles his claims for relief as seeking (1) to vacate this Court's previous Decision and Order, which granted Defendant UB's Motion to Dismiss (Docket No. 14); (2) leave to file an Exhibit; (3) that the "Clerk Certify Fact to the U.S. Attorney General"; and (4) Leave to File an Affirmation. For the following reasons, Nwabue's motion to vacate is granted in part and denied in part, his motion to file an exhibit and an affirmation is granted, and his motion to "certify fact" is denied.

2. By way of background, on March 1, 2010, Nwabue brought suit against four defendants alleging that they discriminated against him in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA") and New York Human Rights Law §§ 290-297. (Docket No. 1.) He defined those defendants as follows: SUNY at Buffalo/University Medical Services, John Yeh, M.D., Roseanne Berger, M.D., and Jane Harszlak, Ph.D. (Id.) On April 12, 2010, the Honorable Richard J. Arcara

dismissed the individual defendants from this action. (Decision and Order, Docket No. 3.) Subsequently, on November 1, 2011, this Court granted UB's motion to dismiss for lack of subject matter jurisdiction on sovereign immunity grounds. (Docket No. 14.)

3. Cognizant of the distinct disadvantage that *pro se* litigants face, this Court has read Nwabue's submissions carefully and liberally, and has interpreted them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) Accordingly, this Court construes Nwabue's motion to vacate as an application under Federal Rules of Civil Procedure ("Fed R. Civ. P.") 59(e) and 60(b). See Gonzalez v. Lee, No. 10 Civ. 3366, 2011 WL 5825766, at *1 (E.D.N.Y. Nov. 15, 2011) (noting that motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b)).

3. A motion for reconsideration is appropriate under Rule 59(e) when the moving party believes that the court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion. See United States v. Gross, No. 98–CR–0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. See Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

4. Fed. R. Civ. P. 60(b) provides relief from a judgment for, *inter alia,* mistakes,

inadvertence, excusable neglect, newly discovered evidence, and fraud. Rule 60(b) provides "extraordinary judicial relief" that is "invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Accordingly, granting Rule 60(b) relief is "disfavored." Empresa Cubana Del Tabaco v. Gen. Cigar Co., 385 Fed. Appx. 29, 31 (2d Cir. 2010). Strict application of these rules also "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." Polar Int'l Brokerage Corp. v. Reeve, 120 F. Supp. 2d 267, 268-69 (S.D.N.Y.2000). The moving party may not use a motion for reconsideration to advance new facts, arguments, or theories that were available, but not previously presented to the Court. See Graham v. Sullivan, No. 86 Civ. 163, 2002 WL 31175181, at *2 (S.D.N.Y. Sept. 23, 2002); Leonard v. Lowe's Home Ctrs., Inc., No. 00 Civ. 9585, 2002 WL 548745, at *2 (S.D.N.Y. April 12, 2002).

5. As an intitial matter, Nwabue's motion with respect to Judge Arcara's April 12, 2010 Order is denied as untimely. Under Fed. R. Civ. P. 59(e), a motion seeking to alter a judgment must be filed within 28 days of the judgment. Further, under Fed. R. Civ. P. 60(c)(1), a motion seeking relief from an order on the grounds of mistake, newly discovered evidence, or fraud must be filed within a reasonable time, but no longer than a year. Because Nwabue filed this motion on November 14, 2011, more than a year after Judge Arcara's April 2010 decision, it is denied for failure to comply with each Rule's temporal limitations. Further, even if this Court considered the merits of Nwabue's motion, it would fail. Nwabue points to no facts that warrant such a remedy, and this Court will not reconsider issues already briefed, examined, and decided simply because Nwabue is dissatisfied with the decision. See Nemaizer, 793 F.2d at 61.

6. However, Nwabue's motion is timely with respect to this Court's October 31, 2011 Decision. As noted above, in that Decision, this Court granted UB's motion to dismiss for lack of subject matter jurisdiction. Nwabue argues that this Court erred in finding that UB was protected by the precepts of sovereign immunity. In his motion, however, Nwabue merely re-asserts his contention that Congress abrogated state sovereign immunity for ADEA claims. Like his initial opposition to UB's motion to dismiss, Nwabue is unable to point to any authority that casts doubt on the Supreme Court's clear ruling in Kimel v. Florida Board of Regents, 528 U.S. 62, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000), which held that Congress does not have the power to strip state's of their sovereign immunity in the context of alleged ADEA violations. His motion on this ground amounts to an appeal and is therefore denied. See Nemaizer, 793 F.2d at 61.

7. In his motion to vacate, Nwabue also seeks to reinstate his state law claims against UB. However, because this Court's previous decision – finding that UB cannot be sued under the ADEA – remains in effect, this Court, under 28 U.S.C. § 1367(c)(3) declines to exercise supplemental jurisdiction over Nwabue's state law claims as to UB. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). Therefore, his motion on this ground is also denied.[1]

8. Nwabue also claims that the "real party of interest," is not UB but University Medical Resident Services, P.C. ("UMRS"). Although it is unclear in his complaint and

[1] Nwabue has made no showing that this action belongs in federal court on diversity grounds. See Herrick Co. Inc., v. SCS Commc'ns, Inc., 251 F. 3d 315, 324 (2d Cir. 2001) ("[T]he party invoking diversity jurisdiction continues to bear . . . the burden of persuasion in establishing specific initial domiciles that support the existence of diversity jurisdiction.")

moving papers, it appears that UMRS is a separate entity from UB.[2] On August 27, 2008, Nwabue and UMRS entered into a "Medical Resident Employment Agreement" ("Agreement"). (Docket No. 17.) This Agreement, brought to this Court's attention for the first time through Nwabue's "Motion for Leave to File Missing 'Exhibit A'," filed November 14, 2011, details Nwabue's rights and responsibilities as a resident in "UB's resident training program directed by the UB Program Director." (See Agreement, p. 1.) Despite referring throughout his complaint to a singular "Defendant," it appears that Nwabue has now realized that these two entities (UB and UMRS) are indeed distinct. Nwabue now argues that his claim was not meant to be lodged against UB and UMS as one body, but against UB and UMS separately. His argument, while certainly late, is not entirely without merit: in his form ADEA complaint, Nwabue specifically named "SUNY at Buffalo/University Medical Services" as a party. Of course, this is not UMRS' proper title and Nwabue improperly combined these two entities. But it is plausible that he meant to include UMRS as a separate party, especially considering the new evidence demonstrating Nwabue and UMRS had a contractual relationship.

9. Because of the confusion fostered by Nwabue in combining these two entities, Judge Arcara, in his April 2010 Decision, ordered the United States Marshal to serve copies of the summons and complaint upon UB alone. Therefore, UMRS was never served with a summons and complaint. Nwabue presumably remained confused about the

[2] It appears that Nwabue remains confused about the relationship between UMRS and UB, and he provides no definitive evidence that they are distinct. However, this Court has previously treated these two entities as separate and each party has previously acknowledged this fact. See, e.g., Nayak v. Pivarunas, No. 07 Civ. 248, 2011 WL 917387 at *1, n. 4 (W.D.N.Y. Mar. 15, 2011). According to papers filed by UMRS in that case, it is a professional service corporation which serves as the formal employer of residents enrolled in training programs sponsored by UB. Id.

relationship between UMRS and UB, and never raised any objections when UMRS was not served. Consequently, UB was the only party to respond and, after granting its motion to dismiss, this Court closed the case.

10. In the light of the above, Nwabue seeks to re-open his case and assert his ADEA and New York Human Rights claims against UMRS. Although the post-judgment relief that Nwabue seeks has been called "extraordinary" and is only granted upon a showing of "exceptional circumstances," see Nemaizer, 793 F.2d at 61, this is not an ordinary set of events. In fact, since UB's dismissal from the case will remain, granting Nwabue's motion will essentially have the limited effect of tolling the statute of limitations on his claim against UMRS. Therefore, considering Nwabue's *pro se* status, and the Second Circuit's preference for determining disputes on the merits, Nwabue's motion for reconsideration with respect to adding UMRS as a party is granted. See, e.g., Shah v. New York State Dep't. of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999) (considering the effect of default, the court noted the preference in this Circuit for district courts to reach judgment on the merits).

11. Further, throughout his complaint, Nwabue indiscriminately refers to a "Defendant." Thus, for a significant portion of the complaint, it is unclear about whom he intends to refer when making allegations. This has two consequences: first, it means that this Court cannot, at this stage, conclude that Nwabue has not stated a claim against UMRS – if he means to include UMRS under this broad heading of "Defendant," then a claim against it can proceed; second, it means that Nwabue has not complied with Fed R. Civ. P. 8(a)(2).

12. Fed R. Civ. P. 8(a)(2) is intended "to give the adverse party fair notice of the

claim asserted so as to enable him to answer and prepare for trial," and to avoid "[u]nnecessary prolixity in a pleading [that] places an unjustified burden on the court and the party who must respond to it[.]'" Salhuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure § 1281 at 365 (1969)). Because Nwabue has not identified defendants with any particularity, or even mentioned UMRS in the body of his complaint, he has failed to meet this burden. Considering Nwabue's *pro se* status once again, this Court will grant Nwabue leave to file an amended complaint – naming only UMRS as a defendant – to clarify these matters. If filed, the amended complaint must comply with the requirements of Rule 8(a)(2) or become subject to dismissal with prejudice.

***

IT HEREBY IS ORDERED, Plaintiff's Motion to Vacate (Docket No. 16) is GRANTED with respect to the addition of University Medical Resident Services, P.C. as a party and DENIED in all other respects.

FURTHER, that Plaintiff's motion for Leave to File a Missing "Exhibit A" (Docket No. 17) is GRANTED.

FURTHER, that Plaintiff's Motion that the Clerk Certify Fact to the U.S. Attorney General (Docket No. 18) is DENIED as irrelevant to this action.

FURTHER, that Plaintiff's Motion for Leave to File an Affirmation (Docket No. 19) is GRANTED.

FURTHER, that the Clerk of the Court shall re-open this case.

FURTHER, that Plaintiff is granted Leave to File an Amended Complaint against only UMRS within 30 days of the date of this Order.

FURTHER, that this Court's prior Decision and Order (Docket No. 14) is amended consistent with the foregoing analysis.

FURTHER, that if Plaintiff files an Amended Complaint, because he is proceeding *in forma pauperis*, the Clerk of the Court is directed to cause the United States Marshal Service to serve copies of the summons and the Amended Complaint on University Medical Resident Services, P.C., without requiring payment from Plaintiff.

SO ORDERED.

Dated: December 12, 2011
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court